**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF ARIZONA**
Jared G. Keenan (State Bar No. 027068)
Lauren K. Beall (State Bar No. 035147)
P.O. Box 17148
Phoenix, Arizona 85011
Tel. (602) 650-1854
jkeenan@acluaz.org
lbeall@acluaz.org

**ZWILLINGER WULKAN PLC**
Benjamin L. Rundall (State Bar No. 031661)
2020 N. Central Avenue, Suite 675
Phoenix, Arizona 85004
Tel. (602) 689-3800
ben.rundall@zwfirm.com

*ATTORNEYS FOR PLAINTIFF*

**[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Gilbert,<br><br>Plaintiff,<br><br>vs.<br><br>Arizona Department of Corrections, Rehabilitation and Re-Entry; Ryan Thornell, Director of the Arizona Department of Corrections, Rehabilitation and Re-Entry, in his official capacity; and Jason Monson, Warden of Eyman Complex, in his official capacity,<br><br>Defendants. | Case No._____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**CIVIL RIGHTS ACTION (42 U.S.C. § 1983)**<br><br>**(JURY TRIAL DEMANDED)** |

Complaint

**Page 1 of 20**

## I.    INTRODUCTION

1.    It has been nearly a year since Douglas Gilbert was last served a prisoner meal at the prison where he has been serving a sentence since February 2022. Gilbert is incarcerated in the Cook Unit of the Eyman Complex, a prison operated by the Arizona Department of Corrections, Rehabilitation, and Re-entry ("ADCRR"). Gilbert has celiac disease and food allergies, and requires a modified diet order to ensure that he has meals he can safely eat.

2.    When Gilbert began serving his sentence in February 2022, however, ADCRR failed to ensure that the appropriate diet order was in place for Gilbert. As a result, Gilbert developed serious medical complications, including vomiting blood. Rather than take remedial action, ADCRR simply stopped providing Gilbert *any* meals, and he has not received a meal since July 9, 2024. At present, Gilbert is barely surviving on items that he purchases from commissary and inadequate nutritional supplements he receives inconsistently.

3.    As a direct result of Defendants denying Gilbert basic access to food, he has and continues to suffer serious and consequential negative health effects. Defendants' denial of safe meals is unconstitutional and in violation of his Eighth and Fourteenth Amendment rights. Gilbert asserts his constitutional rights pursuant to 42 U.S.C. § 1983. Defendants' denial of safe and adequate food access also violates Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*. and section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Gilbert seeks declaratory and injunctive relief as

well as damages and attorneys' fees and costs.

## II.    PARTIES

4.    Plaintiff Douglas Gilbert is incarcerated at the Eyman Complex ("Eyman"), Cook Unit located in Florence, Arizona.

5.    Defendant ADCRR operates Eyman, including the Cook Unit. Eyman houses approximately 7,222 residents. ADCRR is a public entity operated by the State of Arizona.

6.    ADCRR is a recipient of federal financial assistance, including approximately $8.6 million in federal funding for FY 2025. ADCRR has received federal financial assistance from multiple federal executive agencies including but not limited to the Department of Labor and the Department of the Interior.

7.    Defendant Ryan Thornell is the Director of ADCRR and is being sued in his official capacity.

8.    Defendant Jason Monson is the Warden of Eyman Complex and is being sued in his official capacity.

## III.    JURISDICTION AND VENUE

9.    This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

10.    This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

11.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because

the incidents that gave rise to Gilbert's Complaint occurred in this district and continue in this district, and all Defendants reside or conduct business within this district.

## III. FACTUAL ALLEGATIONS

12.   Douglas Gilbert is a prisoner with medical conditions, including celiac disease and food allergies.

13.   Gilbert's diagnosis of celiac disease requires a medically necessary diet that is gluten-free.

14.   If Gilbert does not receive a gluten-free diet, he becomes extremely ill with both short- and long-term health consequences.

15.   Celiac disease is a serious auto-immune disease that affects approximately 1% of the population.

16.   Celiac disease has no cure.

17.   The only way to prevent the symptoms of celiac disease is strict avoidance of gluten.

18.   Gluten is the name of a protein contained in wheat (all varieties), barley, rye, triticale, and some other grains (such as processed oats).

19.   Wheat, barley and rye are standard ingredients in many other food products. Wheat or wheat gluten is frequently added as a thickening or binding agent or to add flavoring or coloring.

20.   When a person with celiac disease ingests food containing even trace amounts of gluten, they can experience not only short-term symptoms such as vomiting, nausea,

diarrhea, neuropathic pain, stomach pain, and nutritional malabsorption, but also long-lasting bodily damage, significantly increasing their risk of developing cancer and other life-threatening diseases later in life.

21.   When Gilbert, as a person with celiac disease, ingests gluten, he experiences vomiting, diarrhea, stomach pain, malabsorption, difficulty swallowing, and other substantially limiting symptoms.

22.   Gilbert also has food allergies. He is allergic to dairy and eggs.

23.   When Gilbert consumes eggs, he suffers reactions including runny nose, cough, and scratchy throat.

24.   When Gilbert consumes dairy, he suffers reactions including runny nose, cough, scratchy throat, bloating and severe abdominal pain.

25.   A person with allergies to eggs and/or dairy who experiences such reactions involving multiple body system involvement at one time is experiencing anaphylaxis and is at risk of death.

26.   ADCRR is an agency of the State of Arizona that operates the state prison system including Eyman where Gilbert is currently incarcerated.

27.   ADCRR provides meals to inmates without disabilities and is constitutionally obligated to provide inmates with nutritionally sufficient or adequate food that is safe for consumption.

28.   ADCRR renews medical diet orders yearly, and medical diets expire if not renewed. An inmate without a medical diet order cannot get a medically necessary diet.

29.   Gilbert entered the custody of ADCRR on or about February 8, 2022, and promptly requested a gluten-free diet free of his allergens, a request that he would repeatedly make in the days, weeks, months, and years to follow given the urgency of his need for safe meals.

30.   On or about February 11, 2022, ADCRR received medical records showing that he has celiac disease and needs a gluten-free diet.

31.   On or about March 11, 2022, ADCRR gave Gilbert a blood test that confirmed his allergy to dairy. This testing also showed an allergy to eggs.

32.   Despite Gilbert's repeated requests for meals free of gluten, dairy, and eggs, and ADCRR's confirmation of Gilbert's medical need for such meals, ADCRR still failed to ensure that Gilbert was provided such meals.

33.   By May 2022, Gilbert had been without a medical necessary diet order for nearly three months. He was experiencing, nausea, fatigue, weakness, stomach pain, and difficulty swallowing.

34.   On or about May 12, 2022, the jail's medical unit placed a Special Needs Order for a gluten-, egg- and dairy-free diet for Gilbert. However, no such meals were provided.

35.   On or about May 17, 2022, having still not received his medically necessary diet despite repeated requests for safe meals, Gilbert filed an emergency grievance.

36.   On or about May 19, 2022, Gilbert's emergency grievance was returned to him with instructions that he must file a regular grievance. He promptly did so.

However, ADCRR still failed to take any action.

37.   In the months that followed, without access to safe meals, Gilbert became increasingly ill. He developed hypertension due to lack of nutrients. He began experiencing headaches.

38.   On or about May 3, 2023, after more than a year of incarceration, Gilbert was finally offered a diet ADCRR called "allergy no oats no gluten."

39.   However, he continued to receive meals containing gluten, dairy, and egg. He was served foods such as regular pancakes and regular bread which contain gluten.

40.   Gilbert again filed a grievance relating to ADCRR's failure to provide him with his medically necessary diet. Again, ADCRR failed to take any remedial action.

41.   By July 21, 2023, Gilbert was vomiting blood. He was rushed to the emergency room and hospitalized.

42.   During his hospitalization, he underwent an endoscopy showing esophagitis and gastritis.

43.   As a result of the endoscopy, he was also diagnosed with eosinophilic esophagitis ("EOE"). EOE is a disorder in which the immune system causes swelling of the esophagus, leading to difficulty swallowing, backflow of undigested food, and chest pain. EOE is a reaction to ingestion of certain foods a person's body cannot process and can result in choking, inability to swallow effectively, and injury to the esophagus.

44.   Treatment for EOE involves dietary therapy in which triggers such as dairy, egg, and gluten are completely removed from a patient's diet.

1    45.  Gilbert was discharged from the hospital with orders for a strict gluten-free

2    diet.

3    46.  ADCRR still did not provide a strict gluten-free diet.

4    47.  Gilbert continued to struggle to swallow food due to inflammation in his

5    esophagus and dysphagia. He continued to experience nausea, pain, hypertension,

6    headaches, fatigue, weakness, loosening of his teeth due to malnutrition, leg spasms,

7    tremors, hunger, cravings, and nutritional malabsorption.

8    48.  On or about December 16, 2023, after 20 months of incarceration, ADCRR

9    finally ordered protein drinks for Gilbert.

10

11    49.  Protein drinks are not a substitute for food, particularly for a person with

12    nutritional malabsorption secondary to celiac disease. A liquid diet causes atrophy of the

13    intestinal villi, reduces secretary IgA production, and alters the microbiome which is

14    already compromised in people with celiac disease. Liquid diets also result in poor

15    glycemic and hormonal regulation. This effect is worse in people with damaged villi, as

16    rapid absorption can occur in the upper intestine while missing buffering mechanisms

17    from insoluble fiber.

18    50.  In addition, ADCRR has failed to consistently provide the protein shakes

19    Gilbert is supposed to receive.

20

21    51.  Gilbert continued to renew his requests for medically necessary diets.

22    52.  For example, in December 2023, Gilbert filed with ADCRR a request

23    pursuant to the Americans with Disabilities Act ("ADA") seeking his medically

necessary diet (gluten-free, dairy free and egg free). He received no response.

53.   In January 2024, Gilbert forwarded his ADA request to Vanessa Headstream, the ADA Administrator for ADCRR. He again received no response.

54.   In April 2024, Gilbert experienced an outbreak of dermatitis herpetiformis. This is a painful skin rash caused by the ingestion of gluten by a person with celiac disease.

55.   Gilbert's diet continued to make him sick, and he continued to show signs and symptoms of malnutrition and deterioration.

56.   On or about June 10, 2024, Gilbert filed an inmate informal complaint resolution asking that ADCRR provide him in writing with the nutritional analysis showing on paper that his medical diet was nutritionally adequate and to provide ingredient lists for specific foods he was being served that he had reason to believe contain gluten. He again renewed his request for safe meals that he could eat which are nutritionally adequate.

57.   On or about July 3, 2024, ADCRR responded only to state that it would set up a call with the nutritionist.

58.   On or about July 6, 2024, Gilbert's medical diet order for "allergy no oats no gluten" expired without his ever actually having received a diet that was in fact free of gluten, egg, and dairy.

59.   On or about July 9, 2024, after the diet order expired, ADCRR stopped serving *any* meals to Gilbert.

60.   On or about July 10, 2024, with his diet order having expired, Gilbert filed a grievance noting that ADCRR's July 3, 2024 response had not actually addressed any of his requests. In his grievance, Gilbert explicitly stated that he was entirely without any diet. He reiterated explicitly that he has celiac disease and needs a gluten-free diet, that he has dairy and egg allergies and has intestinal malabsorption requiring extra nutrients. He stated specifically his constitutional right to a nutritionally adequate diet that meets his medical needs was being violated and reiterated his request to meet with the ADCRR contracted dietician.

61.   ADCRR's own records document at the time that Gilbert was "currently on no diet".

62.   On or about August 1, 2024, Gilbert received a response indicating that he had been provided an "allergy diet with no oats" order, and that his request for accommodations was therefore denied.

63.   He was in fact receiving no food at all and the "allergy diet with no oats" diet order contained gluten.

64.   On or about August 5, 2024, Gilbert filed an appeal yet again seeking the medically necessary gluten-free diet, free from eggs and dairy, and containing fresh fruits and vegetables required for his nutritional malabsorption, as ordered by his doctor. His appeal explicitly stated that he was being confined without food.

65.   When Gilbert spoke up about his medical needs and the fact that he had no food, a Corrections Officer employed by ADCRR told him to "shut up and stop talking."

66.   On or about August 13, 2024, ADCRR denied Gilbert's August 5, 2024 appeal.

67.   The denial of Gilbert's August 5, 2024 appeal stated that the ADCRR Medical Director and Gilbert's unit director had decided to provide an "allergy diet without oats." However, this diet is not gluten-free and therefore Gilbert cannot consume it safely. Notably, Gilbert was not receiving any diet at the time of this decision.

68.   On or about September 10, 2024, ADCRR issued a final Appeal Grievance Approval denying Gilbert access to the diet his doctor documented is necessary for him.

69.   ADCRR has made a determination that it will not honor Gilbert's medically necessary diet order.

70.   As a result, Gilbert is currently without meals. ADCRR has not provided him with meals at all since July 9, 2024. In the absence of food, he is surviving on protein shakes when he receives them and by purchasing what items he can eat from commissary with his own funds.

71.   The protein shakes do not provide adequate nutrition, and he is often not provided protein shakes for days at a time.

72.   The commissary items he can consume do not provide adequate nutrition.

73.   As the result of Defendants' conduct, Gilbert has suffered and/or is suffering hunger, malnutrition, tremors, hunger, fear, chronic fatigue, hand tremors, easy bruising, bleeding gums, weakness, vomiting blood, hypertension, atrial fibrillation, and loosening of his teeth due to chronic malnutrition.

Complaint

**Page 11 of 20**

74.   Gilbert has, during the course of his incarceration and because of Defendants' acts and failures to act, developed eosinophilic esophagitis, nutritional malabsorption, atrial fibrillation, dysphagia, dyslipidemia, and hypertension (induced by nutritional deficiency and low potassium).

75.   Defendants are responsible for ensuring Gilbert's safe access to nutritionally adequate, safe food.

76.   Gilbert suffered and continues to suffer damages, including pain and suffering, emotional distress, humiliation, frustration, fear, and embarrassment as the result of the acts and omissions of Defendants.

77.   Gilbert has been forced to incur out-of-pocket expenses in securing from the commissary what little he can eat, funds that other prisoners are not forced to spend because ADCRR serves them with meals.

78.   Gilbert exhausted his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Against Defendants Thornell and Monson)**

79.   Gilbert incorporates by reference the allegations in the paragraphs above. The Fourteenth Amendment to the United States Constitution guarantees due process and equal protection under the law, and the Eighth Amendment prohibits cruel and unusual punishment.

80.   Congress enacted 42 U.S.C. § 1983 to provide a remedy for constitutional

Complaint

**Page 12 of 20**

violations.

81. Incarcerated individuals have a constitutional right to receive and have access to adequate basic essentials, including food that is safe for consumption and nutritionally adequate.

82. Defendant Thornell is the Director of ADCRR.

83. Defendant Monson is the Warden of Eyman Complex.

84. The failure of Defendants Thornell and Warden to take the necessary steps to ensure that Gilbert has nutritionally adequate gluten-free and allergen-free meals including fresh fruit and vegetables, as ordered by his doctor has caused the deprivation of Gilbert's constitutional rights, and is the ultimate cause of Gilbert's injuries.

85. The acts and omissions of Defendants has resulted in the wanton and unnecessary infliction of pain on Gilbert.

86. Defendants Thornell and Warden act under the color of state law when they violate Gilbert's constitutional rights.

87. Defendants have a custom or practice of not providing medically necessary and nutritionally adequate meals in timely manner to individuals with disabilities, including a custom or practice of not taking the necessary steps to ensure the timely provision of gluten-free meals for individuals with celiac disease and allergen-free meals for individuals with food allergies. While prisoners without disabilities receive immediate access to safe and adequate meals, prisoners who require medical necessary diets are not given access to safe meals.

88.   The custom or practice of Defendants of not taking the necessary steps to ensure that individuals with celiac disease and food allergies such as Gilbert have timely access to gluten-free and allergen-free meals has caused and continues to cause Gilbert's injuries.

89.   Defendants have acted with deliberate indifference because they know that Gilbert requires gluten-free, dairy-free, and egg-free meals with fruits and vegetables necessary because of his nutritional malabsorption and that the failure to take the necessary steps to ensure that he had access to such meals results in significant emotional and physical injuries to Gilbert, yet they have failed and continue to fail to take the steps necessary to ensure that he has access to safe meals.

90.   The failure by Defendants to provide these gluten-free and allergen free and nutritionally adequate meals despite repeated notice has been malicious, wanton, and oppressive, causing severe emotional and physical harm to Gilbert as he experienced catastrophic health consequences, including bleeding from the mouth, digestive symptoms, hypertension, weakness, and fatigue.

91.   Gilbert suffered harm and continues to suffer harm, including but not limited to pain and suffering, emotional distress, humiliation, frustration, embarrassment, and out-of-pocket expenses as the result of the actions and inactions of Defendants.

## SECOND CAUSE OF ACTION
### Title II of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12131 *et seq.*
### (Against All Defendants)

92.   Gilbert incorporates by reference the allegations in the paragraphs above.

93.    The ADA was enacted on July 26, 1990, more than 30 years ago, to protect individuals with disabilities against discrimination.

94.    Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such  entity." 42 U.S.C. § 12132.

95.    Due to his celiac disease, Gilbert is substantially limited in the major life activity of eating and the major bodily functions of the immune, digestive, bowel, and neurological systems.

96.    Due to his food allergies, Gilbert is substantially limited in the major life activity of eating and the major bodily functions of the digestive, circulatory, respiratory, and integumentary systems.

97.    Due to his EOE and nutritional malabsorption, Gilbert is substantially limited in the major life activities of eating and swallowing and needs a strict diet to ensure his ability to swallow food and absorb necessary nutrients.

98.    Gilbert is therefore an individual with a disability within the meaning of the ADA.

99.    Gilbert is a qualified individual with a disability under the meaning of Title II of the ADA, 42 U.S.C. § 12131(2), because he meets the essential eligibility requirements for the receipt of services by Defendants.

100. ADCRR is a public entity as defined by Title II of the ADA.  42 U.S.C.

§ 12131(1).

101. Defendant Thornell is the Director of ADCRR.

102. Defendant Monson is the Warden of Eyman Complex.

103. Defendants discriminated and continue to discriminate against Gilbert, on the basis of his disability and in violation of Title II of the ADA, by failing to take the necessary steps to ensure that he has meaningful access to safe and nutritionally adequate meals while incarcerated.

104. A public entity must make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i).

105. As a public entity and under the leadership of Defendant Thornell and Defendant Mondon, Defendants were and are required under the ADA to make modifications to their food services policies in order to accommodate Gilbert's disability.

106. By refusing to do so, Defendants discriminated and continue to discriminate against Gilbert on the basis of his disability by failing to take the necessary steps to ensure that he had access to the gluten-free, allergen-free, and nutritionally adequate meals that his disabilities require. 28 C.F.R. § 35.130(b)(1)(ii).

107. Defendants have been on notice of Gilbert's need for safe and nutritionally

Complaint

adequate meals. Despite this knowledge, they have failed to take the necessary steps to ensure the provision of such meals. Defendants have therefore acted intentionally and with deliberate indifference towards Gilbert's federally protected rights.

108. Gilbert experienced and continues to experience harm as the result of discrimination, including, but not limited to pain and suffering, emotional distress, humiliation, frustration, fear, embarrassment, and out-of-pocket expenses as the result of the actions and inactions of Defendants.

**THIRD CAUSE OF ACTION**
**Section 504 of the Rehabilitation Act of 1973**
**29 U.S.C. § 794**
**(Against All Defendants)**

109.    Gilbert incorporates by reference the allegations in the paragraphs above.

110.    Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

111.    Gilbert is limited in the major activities of eating and swallowing and the major bodily functions of the immune, digestive, bowel, neurological, circulatory, respiratory, and integumentary systems due to his celiac disease, food allergies, EOE, and nutritional malabsorption.

112.    At all times relevant to this action, Defendants have been and continue to be recipients of federal financial assistance.

Complaint

113.    Food service was provided to other incarcerated individuals. Because of his disabilities, Gilbert cannot eat a standard diet and requires a strict gluten-free diet free from his allergens containing nutrition his body is able to absorb. By failing to take the necessary steps to ensure that Gilbert had access to a strict gluten-free diet free from his allergens with adequate nutrition, Defendants have denied and continue to deny Gilbert the benefits of a program or activity receiving federal financial assistance and have discriminated against and continue to discriminate against him in violation of section 504.

114. The criteria Defendants used to deny Gilbert access and use of gluten-free meals free from his allergens had the effect of subjecting him to discrimination solely based on his disabilities.

115. Defendants were repeatedly informed verbally and in writing on multiple occasions that Gilbert desperately needed a specialized gluten-free diet free from his allergens.

116. Despite this knowledge, Defendants have intentionally and with deliberate indifference discriminated against Gilbert in violation of the Rehabilitation Act and its implementing regulations.

117. Gilbert has and continues to suffer harm, including but not limited to pain and suffering, emotional distress, humiliation, frustration, fear, embarrassment, and out-of-pocket expenses, as the result of the actions and inactions of Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Gilbert respectfully requests that this Court:

      a.      Assume jurisdiction over this action;

      b.      Award declaratory relief;

      c.      Award injunctive relief by ordering that Defendants to immediately provide a safe and nutritionally adequate and complete diet that complies with his doctors' determinations that because of his unique and serious conditions, he needs a strict gluten-free, dairy-free, egg-free diet that is nutritionally adequate and which includes fresh fruits and vegetables;

      d.      Award Gilbert compensatory damages, including economic and noneconomic damages, nominal damages, damages for pain, suffering, humiliation, frustration, embarrassment, terror, and out-of-pocket expenses, and in an amount to be proven at trial;

      e.      Award Gilbert his reasonable attorneys' fees and costs pursuant to section 1983, the Americans with Disabilities Act, the Rehabilitation Act of 1973, and to the extent available under the law;

      f.      Award any and all applicable interest on the judgment; and

      g.      Award such other and further relief as the Court deems just and equitable.

**JURY DEMAND**

Trial by jury is demanded.

Complaint

Dated this 7th day of July, 2025.

By: /s/ *Lauren K. Beall*
  Lauren K. Beall (State Bar No. 035147)
  Jared G. Keenan (State Bar No. 027068)
  **American Civil Liberties Union**
  **Foundation of Arizona**
  P.O. Box 17148
  Phoenix, Arizona 85011
  Tel. (602) 650-1854
  jkeenan@acluaz.org
  lbeall@acluaz.org

  Benjamin L. Rundall (State Bar No. 031661)
  **Zwillinger Wulkan PLC**
  2020 N. Central Avenue, Suite 675
  Phoenix, Arizona 85004
  Tel. (602) 689-3800
  ben.rundall@zwfirm.com

  Mary C. Vargas*
  Michael Steven Stein*
  **Stein & Vargas, LLP**
  1717 K Street NW, Suite 900
  Washington, DC 20006
  Tel. (240) 793-3185
  Fax (888) 778-4620
  mary.vargas@steinvargas.com
  michael.stein@steinvargas.com

  * Application for admission *pro hac vice* forthcoming

*Attorneys for Plaintiff*

Complaint

**Page 20 of 20**